

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 25, 1972

Honorable Joe Carroll          Opinion No. M-1245
County Attorney
Bell County Courthouse         Re: Status of maintenance tax in
Belton, Texas  76513               Bell County.

Dear Mr. Carroll:

Your recent opinion request provided us with the fol-
lowing information and questions:

"In 1921, Commissioner Precinct #1 of Bell
County, Texas by Precinct-wide election, imposed
a maintenance tax upon itself. Thereafter, by in-
dividual Commissioner Precinct-wide elections,
Precincts #2, #3 and #4 also imposed upon them-
selves a maintenance tax. In at least two of the
precincts, the maintenance tax so imposed was 25¢
on the $100.00 evaluation.

"The last election was held in Commissioner
Precinct #3 in 1966, at which time a tax of 15¢
per $100.00 evaluation was imposed.

"Although the Commissioners' Precinct lines
have changed since the various elections, at one
time or another, every citizen of Bell County has
had an opportunity to express his opinion on this
issue. By action of the Commissioners' Court in
1968, effective in 1969, the tax was equalized in
all precincts to a maximum of 15¢ per $100.00 evalua-
tion. This tax has been collected by precincts and
spent in the precinct from which it was collected.

"The time to challenge an election has long
since expired."

Question 1. "Does the Commissioners' Court
of Bell County have the power to cause substantial
compliance with the election statutes by making
the maintenance fund, one fund, collected and spent

-6094-

County-wide without regard to precinct lines?"

Question 2.  "Must the Commissioners' Court of Bell County exercise its power to combine these funds, if it has such power?"

The answer to Question 1 is no, and as a result it is unnecessary to answer Question 2.

Article 2352, Vernon's Civil Statutes, authorizes the county commissioners court to levy taxes for various purposes by providing:

"Said court shall have the power to levy and collect a tax for county purposes, not to exceed twenty-five cents on the one hundred dollars valuation, and a tax not to exceed fifteen cents on the one hundred dollars valuation to supplement the jury fund of the county, and not to exceed fifteen cents for roads and bridges on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the amendment to the Constitution, September 25, A.D. 1883, and for the erection of public buildings, streets, sewers, water works and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation in any one year, and except as in the Constitution otherwise provided.  They may levy an additional tax for road purposes not to exceed fifteen cents on the one hundred dollar valuation of the property subject to taxation, under the limitations and in the manner provided for in Article 8, Sec. 9, of the Constitution and in pursuance of the laws relating thereto."

However, as Article 2352 states, such tax levies are subject to Article 8, Section 9 of the Texas Constitution and statutes enacted pursuant thereto.

Article 8, Section 9 of the Texas Constitution reads:

"Sec. 9.  The State tax on property, exclusive of the tax necessary to pay the public debt, and of the taxes provided for the benefit of the public free schools, shall never exceed Thirty-five Cents (35¢) on the One Hundred Dollars ($100) valuation; and no county, city or town shall levy a tax rate in excess of Eighty Cents (80¢) on the One Hundred

Dollars ($100) valuation in any one (1) year for general fund, permanent improvement fund, road and bridge fund and jury fund purposes; provided further that at the time the Commissioners Court meets to levy the annual tax rate for each county it shall levy whatever tax rate may be needed for the four (4) constitutional purposes; namely, general fund, permanent improvement fund, road and bridge fund and jury fund so long as the Court does not impair any outstanding bonds or other obligations and so long as the total of the foregoing tax levies does not exceed Eighty Cents (80¢) on the One Hundred Dollars ($100) valuation in any one (1) year. Once the Court has levied the annual tax rate, the same shall remain in force and effect during that taxable year; and the Legislature may also authorize an additional annual ad valorem tax to be levied and collected for the further maintenance of the public roads; provided, that a majority of the qualified property taxpaying voters of the county voting at an election to be held for that purpose shall vote such tax, not to exceed Fifteen Cents (15¢) on the One Hundred Dollars ($100) valuation of the property subject to taxation in such county. Any county may put all tax money collected by the county into one general fund, without regard to the purpose or source of each tax. And the Legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws. This Section shall not be construed as a limitation of powers delegated to counties, cities or towns by any other Section or Sections of this Constitution."

Your questions are particularly concerned with those provisions relating to the maintenance or road and bridge tax. Pursuant to Article 8, Section 9 of the Constitution, the Legislature enacted Article 6790, Vernon's Civil Statutes, which provides the procedure to determine whether such maintenance or road tax shall be levied. Article 6790 states:

"The commissioners court shall order an election upon presentation to it at any regular session of a petition signed by two hundred qualified voters and property tax payers of the county, or a petition of fifty persons so

qualified in any political subdivision or defined district of the county, requesting said court to order an election to determine whether said court shall levy upon the property within said territory a road tax not to exceed fifteen cents on the one hundred dollars worth of property, under the provisions of the amendment of 1889 to the Constitution of the State of Texas, adopted in 1890. Said court may act on such petition without notice, and may make an order for such election, fixing the amount to be levied, not to exceed fifteen cents on the one hundred dollars, the election to take place at any time thereafter, not less than twenty nor more than ninety days from the date of making the order therefor. Upon a petition signed by a majority of the qualified tax paying voters of any portion of any county or of any political subdivision of any county, to said court requesting that such portion of said county or political subdivision shall be created as a defined district, the said court shall declare such territory a defined district and spread the order for same upon the minutes of said court; provided the petition aforesaid shall define by metes and bounds the territory desired to be so incorporated in such defined district."

It is the settled law of this State that commissioners courts are courts of limited jurisdiction, having only such power duties and authority as the Constitution or Legislature may confer upon them. In the absence of such conferred authority or power, the commissioners court has none. El Paso v. Elam, 106 S.W.2d 393 (Tex.Civ.App. 1937); Howard v. Henderson County, 116 S.W.2d 479 (Tex.Civ.App. 1938). Article 6790 authorizes the commissioners court to hold an election to determine whether the court shall levy a road tax on the property within the county or the political subidvision requesting the election. No other procedure may be used to determine whether a maintenance tax will be levied and the amount of the tax, not to exceed fifteen cents (15¢) on the one hundred dollars ($100) valuation. You are adivsed that the Bell County Commissioners Court does not have the power at the present time, to combine the various maintenance tax funds, and its action in doing so would be void.

## S U M M A R Y

The Commissioners Court of Bell County does

not have the power to cause substantial compliance with the election statutes by making the maintenance fund, one fund, to be collected and spent countywide without regard to precinct lines.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Linda Neeley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE .

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
John Reeves
Gordon Cass
Bob Davis
Gerald Ivey

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant